IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MYRTLE AUGENSTEIN, Executor etc.,

                Plaintiff,            Case No. 3:04 CV 7250

-vs-

                                          MEMORANDUM   OPINION

NORFOLK SOUTHERN RAILWAY
CORPORATION,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant's unopposed motion for summary judgment (Doc. No. 24). The Court has jurisdiction under 28 U.S.C. § 1331. Defendant's motion is granted.

## BACKGROUND

Arthur Augenstein was a locomotive engineer for Defendant. He was also a smoker who suffered from hypertension and arthosclerosis. Plaintiff, Augenstein's widow and the executrix of his estate, claims Augenstein tripped over a concealed rail while inspecting a locomotive late on July 16, 2001 or in the early morning hours of July 17. Around noon on July 17, Augenstein began feeling pain in his back and abdomen. When he went to the hospital that evening, doctors diagnosed him with a rupture of an abdominal aortic aneurysm, which is the weakening of a blood vessel wall. Doctors tried to repair the rupture, but the surgery failed to save Augenstein's life.

## DISCUSSION

Plaintiff brings a negligence claim against Defendant under the Federal Employers' Liability Act, alleging Augenstein's trip and fall caused his aneurism to rupture. Defendant has moved for summary judgment, claiming the record provides no evidence upon which a jury could base a finding of causation. Plaintiff has not timely replied. Because Plaintiff has failed to demonstrate a genuine issue of material fact exists as to causation, summary judgment for Defendant is appropriate.

*A. Summary Judgment Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact."
*Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

*B. Causation*

Under the FELA, in order for a plaintiff to proceed, the plaintiff must show: "1) that he was injured while in the scope of his employment; 2) which employment is in furtherance of the railroad's interstate transportation business; 3) his employer was negligent; and 4) his employer's *negligence played some part* in causing the injury for which plaintiff seeks compensation." *Steveson v. CSX Transp., Inc.*, No. 95-3361, 1996 U.S. App. LEXIS 19151, *5 (6th Cir. July 15, 1996) (citing *Green v. River Terminal Ry Co.*, 763 F.2d 805, 808 (6th Cir. 1985) (emphasis added)).

Under the FELA, there is a more relaxed standard of causation than in the ordinary negligence tort action. *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506, 77 S. Ct. 443, 448, 1 L. Ed. 2d 493 (1957). However, this relaxed causation requirement does not excuse a plaintiff from proving the four traditional prongs of a negligence claim: duty, breach, foreseeability, and causation. *Smith v. Consol. Rail Corp.*, No. 95-3727, 1996 U.S. App. LEXIS 19126, *7 (6th Cir. June 28, 1996) (quoting *Adams v. CSX Trasnp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990)).

The proper test under the FELA as to causation "'is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury. . . for which damages are sought.'" *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543, 114 S. Ct. 2396, 2404, 129 L. Ed. 2d 427 (1994) (quoting *Rogers*, 352 U.S. at 506). Summary judgment is not properly granted in a FELA case if "the employer's negligence played any part, however slight, in the employee's injuries." *Steveson*, at *6–7.

However, the FELA does not remove the requirement that a plaintiff "demonstrate some causal connection between a defendant's negligence and [his or her] injuries." *Smith*, at *8 (quoting *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 503 (9th Cir. 1994)). Stated simply: "while an employer's

4

negligence need only play the slightest role in causing the employee's injury, evidence of that causation must be illustrated by more than speculation or mere possibility." *Steveson*, at *7; *see also Mayhew v. Bell Steamship Co.*, 917 F.2d 961, 963 (6th Cir. 1990). A FELA claim does not shield a claim from being dismissed at summary judgment; "'if the plaintiff presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment motion is properly granted.'" *Smith*, at *8 (quoting *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 832 (7th Cir. 1994). The Supreme Court and Sixth Circuit have consistently held in FELA cases that "[s]peculation cannot supply the place of proof." *Moore v. Chesapeake & Ohio Ry.*, 340 U.S. 573, 576, 71 S. Ct. 428, 430 95 L. Ed. 547 (1951); *Basinger v. CSX Transp.*, No. 94-3908, 1996 U.S. App. LEXIS 19139, *12 (6th Cir. July 16, 1996); *Mang v. Norfolk & W. Ry. Co.*, No. 84-3574, 1985 U.S. App. LEXIS 13781, *10 (6th Cir. December 11, 1985); *Green*, 763 F.2d at 807.

> In *Mayhew*, the Sixth Circuit explained:
>
> "[A]lthough a [FELA] plaintiff need not make a showing that the employer's negligence was the *sole* cause, there must be a sufficient showing (i.e., *more than a possibility*) that *a* causal relation existed."
>
> . . . .
>
> . . . . [B]ecause of the relaxed standards applied in FELA . . . . suits, we do not believe that a medical expert must be able to articulate to a "reasonable degree of medical certainty" that the defendant's negligence had a causal relationship with the injury and disability for which the plaintiff seeks damages. Instead, we believe that such a medical expert must be able to articulate that it is likely that the defendant's negligence, or more than possible that the defendant's negligence, had a causal relationship with the injury and disability for which the plaintiff seeks damages.

*Mayhew*, 917 F.2d at 963-64 (quoting *Moody v. Maine Cent. R.R. Co.*, 823 F.2d 693, 695 (1st Cir. 1987)) (some italics in *Moody*; some in *Mayhew*).

5

Here, Defendant points out that the only medical evidence in the record on the subject of causation is the testimony of Augenstein's treating hospital physician, Dr. James Hering, who repaired the ruptured aneurysm. Dr. Hering testified that most aneurysms rupture spontaneously, and while blunt trauma can cause an aneurysm to rupture, it is not likely and is very unusual. Dr. Hering wrote in a letter authenticated at his deposition that Augenstein's trip and fall over a rail "*could have been* the precipitating event that caused his preexisting condition to become symptomatic and ultimately caused his death." (Doc. No. 24, ex. D) (emphasis added). At his deposition, Dr. Hering stated that he could not say what caused Augenstein's aneurysm to rupture, or that the rupture was caused by trauma. In fact, the Doctor testified that a ruptured aneurysm would cause pain within minutes, and that the time between Augensein's fall, prior to 6:00 a.m., and the appearance of pain around noon "seems like a little bit too long of a period of time to me." (Doc. No. 24, ex. B, p. 23).

Dr. Hering's testimony establishes, at best, that the blunt trauma suffered by Augenstein in his fall over a hidden rail *possibly* caused his aneurysm to rupture. Plaintiff must present more than a mere possibility that the Defendant's negligence was a cause of Augenstein's injury. Plaintiff has not met her burden. Summary judgment for Defendant is therefore appropriate.

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment (Doc. No. 24) is granted.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE

6